[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR COSTS
In this case, pursuant to Connecticut General Statutes §16-262f, the petitioner, The Metropolitan District ("MDC") seeks costs in the amount of $222.00 from the defendant, Barry R. Walwyn.
MDC filed a Petition for Appointment of Receiver of rents in connection with premises located at 188 Russ Street in Hartford. Prior to a show cause hearing being held following which a receiver of rents might have been appointed, Mr. Walwyn made payment of all sums alleged to be owed. Nonetheless, MDC seeks costs in the amount of $222.00, representing a court fee of $185.00 and a sheriffs fee of $37.00.
MDC acknowledges that § 16-262f does not explicitly authorize the court to make an order relating to costs in the absence of a show cause hearing resulting in the appointment of a receiver of rents. MDC also acknowledges that there is no decision of a Connecticut court supporting its request given the instant circumstances.
However, MDC relies upon an Attorney General Opinion, published in the Connecticut Law Tribune on October 10, 1977, in support of its argument. The opinion states, in part, that in situations where the defendant makes payment after the service of process, but before the show cause hearing, "the payment of the alleged debt by the landlord constitutes an admission that the sum was due the utility. Such an admission renders the landlord liable for reasonable attorney's fees and costs pursuant to §16-262f. . . . If such expenses were not recoverable from the debtor the utility's remaining customers would bear their burden. Such was not the legislature's intent inasmuch as § 16-262f
clearly makes those responsible for reasonably incurred collection costs liable for their payment." CT Page 11924
While appreciating the sentiment, I cannot agree with the legal analysis expressed in the Attorney General's Opinion because the plain language of the statute does not authorize awards of costs and fees until after a show cause hearing has been held. Therefore, it is not necessary to delve into the legislature's intent. Office of Consumer Counsel v. Department ofPublic Utility Control, 234 Conn. 624, 642 (1995). The plain words of § 16-262f provide a clear line of demarcation for the award of costs and fees — subsequent to a show cause hearing. The amount at issue in this case is not particularly substantial, but it could be in other cases. I do not think it is wise to expand the reach of the statute beyond the plain words chosen by the legislature, particularly in the absence of any persuasive authority to do so. Colli v. Real Estate Commission,169 Conn. 445, 452 (1975) ("It is not the function of the court to speculate upon any supposed intention not appropriately expressed in the act itself. . . . We are not permitted to supply a statutory omission merely because we think there is good reason to do so. The . . . remedy lies with the General Assembly, not with the court.")
Second, I question the premise of the Attorney General Opinion when it states that the payment of the alleged debt "constitutes an admission that the sum was due the utility." Under many circumstances, such a payment may very well constitute an admission; but there are situations in which payment of sums owed does not constitute an admission but reflects instead a simple desire to resolve a case speedily, or limit risk or loss. Thus, the law in this state recognizes the principle that evidence of offers to settle or compromise, if made to buy peace, are not admissible against the party making them as admissions of liability. Where it is not clear if the statement is an offer to compromise or an admission of liability, the statement must be excluded. Sokolowski v. Medi Mart, Inc., 24 Conn. App. 276,280-81 (1991). In light of the strong public policy in favor of promoting speedy resolution of disputes, to proceed on the assumption that payments such as the ones in the instant case should be treated as admissions in all instances is, in my view, ill-advised.
Of course, if the legislature wishes to address this issue, it is free to do so. Petitioner's motion for costs is denied for the reasons stated.
Douglas S. Lavine, Judge, Superior Court. CT Page 11925